# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2023

Lyle W. Cayce
Clerk

_____

No. 22-40167

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Daniel Uribe-Garza,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-601-1

_____

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Carlos Daniel Uribe-Garza pleaded guilty to engaging in illicit sexual conduct in foreign places and was sentenced within the advisory guidelines range to 121 months of imprisonment. He now challenges the district court's imposition of a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 based, in relevant part, on jail calls that Uribe-Garza made to the minor victim, M.I.R.G., before he was indicted for the instant offense.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40167

## I.

Uribe-Garza was indicted on March 23, 2021, for transportation of an illegal alien (Count One).  On April 20, 2021, he was charged in a superseding indictment with engaging in illicit sexual conduct in foreign places (Count Two).  He pleaded guilty, pursuant to a written agreement, to Count Two, and the Government dismissed Count One.

According to the presentence report (PSR), Uribe-Garza and his 15-year-old passenger were detained when attempting to enter the United States on February 24, 2021.  Uribe-Garza was 22 years old at the time.  The passenger, a Mexican citizen and resident referred to as M.I.R.G., told investigators that she had entered a relationship with Uribe-Garza less than a year prior with her mother's consent.  She said that she became pregnant with Uribe-Garza's child and had planned to marry him, but their marriage was postponed after she suffered a miscarriage.  The night before they were detained at the border, Uribe-Garza got into an argument with M.I.R.G.'s mother and asked M.I.R.G. to come to the United States with him.  Without her mother's knowledge or consent, M.I.R.G. agreed.  When M.I.R.G.'s mother picked her up from the port of entry, she confirmed to investigators that she had initially consented to M.I.R.G.'s relationship and marriage to Uribe-Garza, but after the miscarriage, she decided there was no longer any need for M.I.R.G. to marry and refused to sign a marriage consent form.

In response to an objection from the Government, the PSR applied a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 based on phone calls that Uribe-Garza made while detained, including calls to M.I.R.G. and a person referred to as Z.G., who had a prior sexual relationship with Uribe-Garza when she was 16 years old.  According to a summary of calls made in March 2021, Uribe-Garza told a friend that he did not understand why M.I.R.G. and her mother were cooperating with

2

investigators.  He also told M.I.R.G. that he loved her and that he wanted to be together again after his incarceration.  After M.I.R.G. told Uribe-Garza about her interview with investigators, Uribe-Garza told her that she did not have to give a statement and that he had decided to admit what he had done so she did not have to cooperate.  He then got angry and yelled at M.I.R.G. because he was upset that he was incarcerated, but he quickly apologized and told her that everything she said could be used against him, that it would be better for her to not say anything, that he blamed her for his situation, and that he could get raped or killed in prison because of her.

Uribe-Garza objected in writing to the application of the § 3C1.1 enhancement, arguing that he did not discourage M.I.R.G. from cooperating and that the jail calls reflect that he intended to accept responsibility for his offense, which he believed would save M.I.R.G. from having to testify.  He also asserted that most of his comments on the jail calls were unrelated to the underlying criminal investigation.

At sentencing, the district court overruled Uribe-Garza's objection, adopted the PSR's findings, and imposed a within-guidelines sentence of 121 months of imprisonment.  Uribe-Garza timely filed a notice of appeal.  Fed. R. App. P. 4(b)(1)(A).

## II.

Section 3C1.1 provides for a two-level enhancement if "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to" the "offense of conviction and any relevant conduct" or "a closely related offense."  § 3C1.1.  The guideline commentary states that the enhancement applies to various types of obstructive conduct, including "threatening, intimidating, or otherwise

unlawfully influencing" a witness, "directly or indirectly, or attempting to do so." § 3C1.1, cmt. n.4(A).

The decision to assess a § 3C1.1 enhancement is a factual finding that we review for clear error. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). Under this standard, "we will uphold a finding so long as it is plausible in light of the record as a whole." *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009) (internal quotation marks and citation omitted).

### III.

Given that the record reflects that Uribe-Garza told M.I.R.G. that she did not have to give a statement to investigators, everything she said could be used against him, and it would be better for her not to say anything, the district court's finding that Uribe-Garza willfully attempted to obstruct or impede the underlying investigation was plausible in light of the record as a whole. *See Ekanem*, 555 F.3d at 175. Although Uribe-Garza asserts that he made those statements to M.I.R.G. because he had decided to admit to his offense conduct so she did not have to testify, this is, at best, one permissible view of the evidence. However, "the choice by a trier of fact between two permissible views of the evidence cannot be clearly erroneous." *Brumfield v. Cain*, 808 F.3d 1041, 1066 (5th Cir. 2015). Here, the district court was entitled to infer from the evidence that Uribe-Garza's actions "were a conscious and deliberate attempt to obstruct justice by attempting to impede the Government's investigation." *United States v. Price*, No. 21-20629, 2023 WL 2447446, at *1 (5th Cir. Mar. 10, 2023) (citing *United States v. Upton*, 91 F.3d 677, 688 (5th Cir. 1996)); *see also United States v. Greer*, 158 F.3d 228, 241 (5th Cir. 1998).

Accordingly, the district court's judgment is AFFIRMED.